UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLENE SMITH, | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:05-CV-1149 (JCH) |
| | : | |
| CINGULAR WIRELESS, | : | NOVEMBER 7, 2008 |
|     Defendant | : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, NUNC PRO TUNC (DOC. NO. 78)**

Plaintiff, Charlene Smith, moves the court to reconsider its Ruling on Defendant's Motion for Summary Judgment (Doc. No. 75). Though this Motion is untimely, the court finds that Smith presented good reason for her failure to timely move to reconsider pursuant to Local Rule 7(c)(1), and thus the court nunc pro tunc extends the time to reconsider.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). The court finds that Smith has failed to demonstrate any of these grounds.

Smith argues that reconsideration is justified because it is necessary for the court to correct "an internal flaw" in its Ruling. Specifically, she argues that in dismissing her retaliation claim, the court only relied on her March 2000 complaints to union officials. The court relied on the March 2000 dates in dismissing the retaliation claim and found that too much time had passed between the complaints and the adverse employment action for the jury to find the requisite casual connection, without other evidence of retaliatory motive. This is an internal flaw, according to the plaintiff, because in the facts section of its Ruling, the court found that the plaintiff made a complaint in July 2001. Thus, Smith claims the court overlooked a material fact in its Ruling because this date should have been considered by the court and would have changed the outcome of its Ruling. The court disagrees.

The court did not overlook a material fact because the court did consider this fact in dismissing Smith's retaliation claim and noted that in footnote 13 of its Ruling. Moreover, the only reason the court knew of this July 2001 was because the defendant raised it in its brief; plaintiff did not mention this incident in its brief or the Complaint. As a result, it is the court's opinion that Smith has waived her right to bring the retaliation claim based on the July 2001 complaint. This reasoning was laid out in the court's Ruling which is evidence of the fact that the court did not overlook a material fact. See Ruling at 19 n.13. The court thereby DENIES plaintiff's motion for reconsideration (Doc. No. 78).

For the foregoing reasons, the court extends the time to reconsider its Ruling <u>nunc</u> <u>pro</u> <u>tunc</u>. After consideration, the court denies the Motion for Reconsideration (Doc. No. 78).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of November, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge